UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN ELECTRICAL RETIREMENT FUND, | ) ) |
| | ) Civil Action No. 3:10-0264 |
| Plaintiff, | ) |
| | ) *Senior Judge Wiseman* |
| v. | ) *Magistrate Judge Griffin* |
| | ) |
| SPIGENER ELECTRIC COMPANY, INC. and SHERRILL KEITH SPIGENER, | ) ) |
| | ) |
| Defendants. | ) |

## **ORDER**

By order in prior civil action 3:05-0215, the Court entered a permanent injunction against the Defendants requiring the timely future payment of contributions and submission of all monthly payroll reports as required under 29 U.S.C. § 1145.

Plaintiffs then initiated the present civil action, alleging Defendants had violated the permanent injunction, and eventually filed a motion for order to show cause due to the alleged contempt; specifically, Plaintiff asserted Defendants had violated the permanent injunction and 29 U.S.C. § 1145 by failing to submit reports and pay contributions that fund the retirement benefits for employees of Defendant (Docket Entry no. 14). The motion was continued (Docket Entry no. 16), and this action reassigned (Docket Entry no. 18).

The Plaintiff then notified Defendants of a deposition and request for production of documents with the discovery essentially focusing upon questions about the Defendants' financial condition and continuing operations. Defendant did not respond, and an order was entered requiring attendance at the deposition and production of documents (Docket Entry no. 23). When

Defendant still refused to respond to the request for production of documents and attend the deposition, Plaintiff filed a motion for sanctions (Docket Entry no. 29).

The Court scheduled the continued show cause hearing for March 31, 2011 for Spigener Electric Company, Inc. through its owner, Sherrill Keith Spigener, to show cause why he should not be held in contempt of court for failure to comply with the permanent injunction (Docket Entry no. 33). A hearing was scheduled for the same date to consider imposition of sanctions (ibid).

The Defendant and Mr. Spigener failed to appear for the hearing on March 31, 2011, and have not otherwise opposed Plaintiff's allegations about contempt or request for sanctions. At the hearing, Plaintiff presented proof that Mr. Spigener had received adequate notice of the hearing, and that he and Defendant had failed or refused to submit reports and contributions to Plaintiff as required by the permanent injunction and 29 U.S.C. § 1145; and, counsel for Plaintiff stated the imposition of sanctions would likely have no effect so long as Defendants continued to disobey the injunction and other orders of the Court.

Based upon proof presented by Plaintiff at the hearing, the Court determined that the motion for contempt should be granted and determined to reserve a ruling on the motion for sanctions.

Civil contempt is a severe remedy and should not be resorted to in cases where there is a fair ground for doubt as to the wrongfulness of a defendant's conduct. Here, however, the Defendants have showed a disregard for the permanent injunction, and Plaintiff's proof at the hearing established that monthly reports and contributions had not been submitted to Plaintiff by Defendants for work in the month of December 2010 or thereafter, although Defendants were conducting work which would require the submission of the reports and payments. This failure by Defendants will result in employees being denied pension benefits for those months.

The Court, therefore, finds the Plaintiff proved the Defendants to be in civil contempt of this Court by clear and convincing evidence. Accordingly, it is ordered the Defendant through its owner, Sherrill Keith Spigener, is found in civil contempt of this Court. The Court imposes a compliance fine of $50.00 for every day after today that the Defendant and Mr. Spigener fail to obey the permanent injunction.

Mr. Spigener is WARNED that his continued contempt can result in the issuance of a bench warrant for his arrest by the U.S. Marshals Service, and as a result he could be incarcerated and brought before this Court to answer for the contempt. The Defendant and Mr. Spigener may only purge their contempt by obeying the Court's prior order.

The U.S. Marshals Service is directed to arrange for personal service of this order on Mr. Spigener in the Middle District of Alabama, Northern Division (Montgomery Courthouse) and he is allowed thirty (30) days after service to purge his contempt. If Mr. Spigener has not submitted all payroll reports and paid all sums due to Plaintiff within the thirty (30) days, Plaintiff may apply to the Court for further relief.

The Clerk is directed to send a copy of this order to the Defendants, Sherrill Keith Spigener and Spigener Electric Company, Inc., 404 Laurel Creek Rd., Titus, AL 36080.

IT IS SO ORDERED.

_____
THOMAS A. WISEMAN, JR.
Senior United States District Judge